**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| ION MEDIA NETWORKS, INC., *et al.*, | ) |
|  | ) Case No. 09-13125 (JMP) |
| Debtors. | ) |
|  | ) Jointly Administered |
|  | ) |

**ORDER AUTHORIZING THE
DEBTORS TO (A) CONTINUE TO OPERATE THE
CASH MANAGEMENT SYSTEM,(B) HONOR CERTAIN
PREPETITION OBLIGATIONS RELATED TO THE CASH
MANAGEMENT SYSTEM, (III) CONTINUE TO INVEST EXCESS
FUNDS IN THE INVESTMENT ACCOUNT ON AN INTERIM BASIS,
NOTWITHSTANDING SECTION 345 OF THE BANKRUPTCY CODE,
(IV) MAINTAIN EXISTING BUSINESS FORMS AND (V) AUTHORIZING
THE GRANTING OF ADMINISTRATIVE PRIORITY FOR INTERCOMPANY
CLAIMS AND AUTHORIZATION TO CONTINUE TO PERFORM UNDER
CERTAIN INTERCOMPANY ARRANGEMENTS AND HISTORICAL PRACTICES**

Upon the motion (the "***Motion***")[1] of ION Media Networks, Inc. ("***ION***") and its debtor affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"),[2] for entry of an

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

[2] The Debtors in these chapter 11 cases are: ION Media Networks, Inc.; America 51, L.P.; ION Media Akron License, Inc.; ION Media Albany License, Inc.; ION Media Atlanta License, Inc.; ION Media Battle Creek License, Inc.; ION Media Boston License, Inc.; ION Media Brunswick License, Inc.; ION Media Buffalo License, Inc.; ION Media Charleston License, Inc.; ION Media Chicago License, Inc.; ION Media Dallas License, Inc.; ION Media Denver License, Inc.; ION Media Des Moines License, Inc.; ION Media Entertainment, Inc.; ION Media Greensboro License, Inc.; ION Media Greenville License, Inc.; ION Media Hartford License, Inc.; ION Media Hawaii License, Inc.; ION Media Hits, Inc.; ION Media Holdings, Inc.; ION Media Houston License, Inc.; ION Media Indianapolis License, Inc.; ION Media Jacksonville License, Inc.; ION Media Kansas City License, Inc.; ION Media Knoxville License, Inc.; ION Media Lexington License, Inc.; ION Media License Company, LLC; ION Media Los Angeles License, Inc.; ION Media LPTV, Inc.; ION Media Management Company.; ION Media Martinsburg License, Inc.; ION Media Memphis License, Inc.; ION Media Milwaukee License, Inc.; ION Media Minneapolis License, Inc.; ION Media New Orleans License, Inc.; ION Media of Akron, Inc.; ION Media of Albany, Inc.; ION Media of Atlanta, Inc.; ION Media of Battle Creek, Inc.; ION Media of Birmingham, Inc.; ION Media of Boston, Inc.; ION Media of Brunswick, Inc.; ION Media of Buffalo, Inc.; ION Media of Cedar Rapids, Inc.; ION Media of Charleston, Inc.; ION Media of Chicago, Inc.; ION Media of Dallas, Inc.; ION Media of Denver, Inc.; ION Media of Des Moines, Inc.; ION Media of Detroit, Inc.; ION Media of Fayetteville, Inc.; ION Media of Greensboro, Inc.; ION Media of Greenville, Inc.; ION Media of Hartford, Inc.; ION Media of Honolulu, Inc.; ION Media of Houston, Inc.; ION

order (the "*Order*") pursuant to sections 105(a), 345, 363(b), 363(c) and 364(a) of title 11 of the United States Code (the "*Bankruptcy Code*") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") (a) authorizing the Debtors to continue to operate the Cash Management System, (b) authorizing the Debtors to honor certain prepetition obligations related to the Cash Management System, (c) authorizing the Debtors to continue to invest excess funds in the Investment Account on an interim basis notwithstanding section 345(b) of the Bankruptcy Code, (d) authorizing the Debtors to maintain existing business forms and (e) authorizing the granting of administrative priority for intercompany claims and authorization to continue to perform under certain intercompany arrangements and historical practices, all as more fully described in the Motion; and the Court having jurisdiction to consider this Motion and the relief requested therein in accordance with 28 U.S.C §§ 157 and 1334 and the Standing Order M-61 Referring Bankruptcy Judge for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

---

Media of Indianapolis, Inc.; ION Media of Jacksonville, Inc.; ION Media of Kansas City, Inc.; ION Media of Knoxville, Inc.; ION Media of Lexington, Inc.; ION Media of Los Angeles, Inc.; ION Media of Louisville, Inc.; ION Media of Martinsburg, Inc.; ION Media of Memphis, Inc.; ION Media of Miami, Inc.; ION Media of Milwaukee, Inc.; ION Media of Minneapolis, Inc.; ION Media of Nashville, Inc.; ION Media of New Orleans, Inc.; ION Media of New York, Inc.; ION Media of Norfolk, Inc.; ION Media of Oklahoma City, Inc.; ION Media of Orlando, Inc.; ION Media of Philadelphia, Inc.; ION Media of Phoenix, Inc.; ION Media of Portland, Inc.; ION Media of Providence, Inc.; ION Media of Raleigh, Inc.; ION Media of Roanoke, Inc.; ION Media of Sacramento, Inc.; ION Media of Salt Lake City, Inc.; ION Media of San Antonio, Inc.; ION Media of San Jose, Inc.; ION Media of Scranton, Inc.; ION Media of Seattle, Inc.; ION Media of Spokane, Inc.; ION Media of Syracuse, Inc.; ION Media of Tampa, Inc.; ION Media of Tulsa, Inc.; ION Media of Washington, Inc.; ION Media of Wausau, Inc.; ION Media of West Palm Beach, Inc.; ION Media Oklahoma City License, Inc.; ION Media Orlando License, Inc.; ION Media Philadelphia License, Inc.; ION Media Portland License, Inc.; ION Media Publishing, Inc.; ION Media Raleigh License, Inc.; ION Media Sacramento License, Inc.; ION Media Salt Lake City License, Inc.; ION Media San Antonio License, Inc.; ION Media San Jose License, Inc.; ION Media Scranton License, Inc.; ION Media Songs, Inc.; ION Media Spokane License, Inc.; ION Media Syracuse License, Inc.; ION Media Television, Inc.; ION Media Tulsa License, Inc.; ION Media Washington License, Inc.; ION Media Wausau License, Inc.; ION Media West Palm Beach Holdings, Inc.; ION Media West Palm Beach License, Inc.; ION Television Net, Inc.; Ocean State Television, L.L.C.; Open Mobile Ventures Corporation. The location of the corporate headquarters for all Debtors except ION Media of New York, Inc. is: 601 Clearwater Park Road, West Palm Beach, Florida 33401-6233. The location of the corporate headquarters for ION Media of New York, Inc. and the service address for all of the Debtors is: 1330 Avenue of the Americas, New York, New York 10019.

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "*Hearing*"); and upon the Declaration of R. Brandon Burgess, Chairman, President and Chief Executive Officer of ION Media Networks, Inc., In Support Of First Day Pleadings, sworn to on May 19, 2009, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted to the extent provided herein.

2. The Debtors and their duly appointed agents and custodians are authorized to: (a) continue operating the Cash Management System; (b) honor certain prepetition obligations related to the Cash Management System; (c) continue to invest excess funds in the Investment Account on an interim basis notwithstanding section 345(b) of the Bankruptcy Code; and (d) maintain existing business forms.

3. The Debtors are authorized to: (a) continue to use, with the same account numbers, all of the bank accounts in existence as of the Petition Date, including, without limitation, those accounts identified on **Exhibit A** to the Motion (the "*Bank Accounts*"); (b) use, in its present form, all correspondence and business forms (including, but not limited to,

letterhead, purchase orders and invoices), as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to their status as debtors in possession; (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtor-in-possession bank accounts; (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including, without limitation, checks, wire transfers and other debits; and (e) pay any ordinary course bank fees, incurred in connection with the Bank Accounts, whether incurred before or after the Petition Date (collectively, the "**Bank Fees**"), and to otherwise perform its obligations under the documents governing the Bank Accounts; *provided*, *however*, that upon depletion of the Debtors' correspondence and business forms, the Debtors will obtain new business forms reflecting their status as debtors in possession; and, *provided*, *further*, *however,* that as soon as practicable after the Petition Date, the Debtors will note their status as "debtors in possession" on checks that are electronically printed.

4. Except as otherwise expressly provided in this Order, all banks at which the Bank Accounts are maintained (collectively, the "**Banks**") are authorized and directed to continue to maintain, service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires and automated clearing house transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

5. The Debtors are authorized to direct the Banks and the Banks are authorized and directed to pay obligations in accordance with this or any separate order of this Court.

6. Except as otherwise provided in this Order or in a separate order of this Court, all Banks provided with notice of this Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued prior to the

Petition Date for which the Debtors specifically issue stop payment orders in accordance with the documents governing such Bank Accounts.

7. The Debtors are authorized to open any new bank accounts or close any existing Bank Accounts as they deem necessary and appropriate in their sole discretion, without further Order of this Court, and any such new accounts shall be governed by this Order; *provided*, *however*, that the Debtors may only open a new bank account with a balance in excess of $250,000 with a bank designated as an Authorized Depository under the U.S. Trustee Guidelines.

8. Those certain existing account control agreements between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

9. In the course of providing cash management services to the Debtors, each of the Banks is authorized, without further Order of this Court, to deduct the Bank Fees from the appropriate accounts of the Debtors, and further, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including, without limitation, returned items that result from automated clearing house transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

10. The Debtors shall at all times maintain sufficient balances in accounts at each of the Banks so as to secure their obligations to the Banks for cash management and related services

to the Debtors, and no liens on any Bank account granted to any creditor shall take priority over the Bank Fees of the Bank where the account is located.

11. The Banks are authorized to debit the Debtors' accounts in the ordinary course of business and without further order of this Court on account of all checks drawn on the Debtors' accounts which are cashed at the Banks' counters or exchanged for cashier's or official checks by the payees thereof before the Petition Date.

12. If any of the Banks honor a prepetition check, automated clearing house debit, wire transfer, or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtor to honor such prepetition check or item, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored or (c) as the result of an innocent mistake made despite implementation of customary item handling procedures, it shall not be deemed to be nor shall be liable to the Debtors or their estates or otherwise in violation of this Order.

13. Nothing contained herein shall prevent any of the Banks from terminating any cash management services following not less than 60 days prior written notice to the Debtors and upon terms reasonably satisfactory to the Banks.

14. The Debtors are authorized, but not required, to continue investing excess funds not needed for the Debtors' operations in the Investment Account, in accordance with their prepetition practice and any agreements governing such accounts.

15. The requirements of 11 U.S.C. §345 are waived and the Debtors are authorized to continue their prepetition investment practices.

16. All Intercompany Claims against a Debtor by another Debtor affiliate arising after the Petition Date shall be accorded administrative expense priority in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code.

17. The Debtors are authorized, but not required, to continue performing under and honoring their respective obligations, commitments and transactions resulting in Intercompany Claims that reflect intercompany receivables and payments made in the ordinary course of the businesses of the Debtors. The Debtors shall maintain detailed records in the ordinary course of business reflecting transfers of cash, if any, including intercompany transfers, so as to permit all such transactions to be readily ascertained.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19. This Order is without prejudice to the right of the Creditors' Committee to assert that any relief granted by this Order negatively affects the substantive rights of creditors.

20. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

24. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York  
      July 2, 2009

*s/ James M. Peck*  
United States Bankruptcy Judge