UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ION MEDIA NETWORKS, INC., *et al.*, | ) Case No. 09-13125 (JMP) |
| Debtors. | ) Joint Administration Requested |

## APPLICATION FOR ORDER PURSUANT TO SECTIONS 1103(a) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF CHANIN CAPITAL PARTNERS AS FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ION MEDIA NETWORKS, INC NUNC PRO TUNC TO JUNE 23, 2009

The Official Committee of Unsecured Creditors (the "Committee") of Ion Media Networks, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, hereby submits this application (the "Application") for entry of an order, pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), authorizing the employment and retention of Chanin Capital Partners, LLC, ("Chanin") as financial advisors to the Committee, *nunc pro tunc* to June 23, 2009. In support of this Application, the Committee submits the Declaration of Russell Belinsky in Support of Application for Order Authorizing Employment of Chanin Capital Partners as Financial Advisors for the Official Committee of Unsecured Creditors of ION Media Networks, Inc. *nunc pro tunc* to June 23, 2009 (the "Chanin Declaration"), attached hereto as Exhibit A. In further support of the Application, the Committee respectfully states as follows:

1. On May 19, 2009 (the "Petition Date"), each Debtor commenced with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. The cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2. On June 22, 2009, the Office of the United States Trustee appointed the Committee, consisting of: (1) Wilmington Trust Company; (2) Manufacturers & Traders Trust Company as Successor Indenture Trustee; and (3) CBS Studio, Inc. and King World Productions, Inc. On June 23, 2009, the Office of the United States Trustee added Richland Towers-NYC LLC to the Committee.

3. On June 23, 2009, the Committee decided to retain Chanin as its financial advisors.

4. The Committee seeks to employ Chanin as its financial advisors in connection with this Chapter 11 Cases *nunc pro tunc* to June 23, 2009. Chanin has assisted and advised numerous committees, trustees, secured creditors, debtors, and other constituencies in the Chapter 11 process and is experienced in analyzing and testifying regarding corporate restructuring issues and measuring the economics of any potential merger and acquisition transactions.

6. Pursuant to 11 U.S.C. §§ 328 and 1103(b), the Committee requests that the Court approve the employment of Chanin as the Committee's financial advisors. The Committee needs assistance in collecting and analyzing financial and other information in relation to the Chapter 11 cases. Chanin's experience makes it qualified to do the work in this case.

7. The Committee anticipates that Chanin may render the following services in this case:

(a) Analyze and evaluate the liquidity position, assets and liabilities, and financial condition of the Debtors;

(b) Review, analyze and monitor the DIP financing and other financing alternatives;

(c) Review and analyze the Debtors' operations and business and financial projections, including but not limited to, financial condition, business plan, strategy, operating forecasts, cashflow projections, and budgets;

(d) Determine a theoretical range of values for the Debtors on a going concern basis as well as any securities to be issued or distributed in connection with the Chapter 11 case, including without limitation any securities to be distributed under a plan of reorganization;

(e) Analyze proposed sales of assets of the Debtors, the terms thereof an options an issues relating thereto, including strategic alternatives available to the Debtors;

(f) Provide testimony, including without limitation, expert testimony, as necessary, in any proceeding before the Bankruptcy Court; and

(g) Provide the Committee with other appropriate general restructuring advice.

8. Subject to this Court's approval, Chanin is willing to serve as the Committee's financial advisors and to perform the services described above. Chanin will seek compensation for its services on a monthly flat fee basis, in accordance with that certain engagement letter, dated as of June 23, 2009, by and between the Committee and Chanin (the "Engagement

Letter"), attached as Exhibit B. Chanin will maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services. Chanin will record its time in increments of 1/10 of one hour.

9. The Committee has been advised by Chanin that it is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys. Chanin's restructuring professionals do as a practice, and in the Debtors' cases will as a practice, keep time records detailing and describing their daily activities, the identity of persons who performed such tasks and the amount of time expended on a daily basis. Notwithstanding the foregoing, Chanin intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and Orders of this Court. The Committee requests that Chanin be authorized to file its fee applications in accordance with the streamlined time recording format outlined above.

10. The Committee, subject to the provisions of the Bankruptcy Code and Bankruptcy Rules, proposes that Chanin be paid under the following terms: the Debtors shall pay to Chanin a) a flat monthly fee of $175,000 for the first four (4) months and $125,000 per month thereafter; b) after the first four (4) months of the engagement, 100% of the monthly fees shall be credited against the restructuring transaction fee; c) a restructuring transaction fee of $750,000 and d) reimbursement of expenses, as set forth in the Chanin Declaration and the Engagement Letter and submits that such fees are at the low end of the range of compensation as compared to other professional services firms providing similar financial advisory and related investment banking services.

11. To the best of the Committee's knowledge, information and belief, other than in connection with this case, Chanin has no connection with, and holds no interest adverse to, the Debtors, their estates, their creditors, or any other party in interest herein or their respective attorneys in the matter for which Chanin is proposed to be retained, except that Chanin may have represented, and may continue to represent, certain of the Debtors' creditors or other parties or interests adverse to such creditors or parties in interest in matters unrelated to these Chapter 11 cases, as may be disclosed in the Chanin Declaration.

12. To the best of the Committee's knowledge and based upon the Chanin Declaration, Chanin is a "disinterested person," as defined in 11 U.S.C. § 101(14) and as required by 11 U.S.C. § 328.

WHEREFORE, the Committee respectively requests entry of the purposed Order Authorizing Employment of Chanin Capital Partners as Financial Advisors for the Committee, *nunc pro tunc* to June 23, 2009, attached as Exhibit C, and for such other further relief as is proper and just.

Respectfully submitted,

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ION MEDIA NETWORKS, INC., *et al.*

Dated: July 14, 2009     By: _____
                             One of its Members