# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ION MEDIA NETWORKS, INC., *et al.*, | ) Case No. 09-13125 (JMP) |
|  | ) |
| Debtors. | ) Joint Administration Requested |
|  | ) |

## DECLARATION OF RUSSELL BELINSKY IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO SECTIONS 1103(a) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF CHANIN CAPITAL PARTNERS AS FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ION MEDIA NETWORKS, INC. NUNC PRO TUNC TO JUNE 23, 2009

Russell A. Belinsky, under penalty of perjury, hereby declares as follows:

1. I am a Senior Managing Director at Chanin Capital Partners ("Chanin"), a professional services firm engaged in the business of providing financial advisory and related professional investment banking services, the corporate parent of which is Duff & Phelps, LLC ("D&P"). I submit this affidavit on behalf of Chanin in support of the Application (the "Application")[1] for Order Authorizing Employment of Chanin Capital Partners as Financial Advisors for the Official Committee of Unsecured Creditors (the "Committee") of Ion Media Networks, Inc. *nunc pro tunc* to June 23, 2009, and certain of its subsidiaries and affiliates and debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C §§ 101-1532 (as amended, the "Bankruptcy Code"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (as

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

amended, the Bankruptcy Rules"). I have personal knowledge of the matters set forth herein, and if called as a witness, would testify competently thereto.

## QUALIFICATIONS OF PROFESSIONALS

2. The Committee has selected Chanin as its financial advisor because of the firm's diverse experience and extensive knowledge in corporate restructurings and business reorganizations.

3. The Committee believes that Chanin is well qualified and uniquely able to provide financial advisory services to it in these cases in an efficient manner. Moreover, Chanin has advised debtors and creditors committees in numerous restructuring transactions, including some of the largest and most complicated cases. Some of Chanin's more prominent recent creditor committee representations were in the following chapter 11 cases:

> BHM Technologies Holdings, Inc.
> Collins & Aikman Corporation
> Dura Automotive Systems, Inc.
> Immunicon Corporation
> Intermet Corp.
> Motor Coach Industries International, Inc.
> O'Sullivan Industries
> Scotia Development LLC
> Star Tribune
> Washington Group International

4. The Committee needs assistance in collecting and analyzing financial and other information in relation to these Chapter 11 cases. Chanin has considerable experience with rendering such services to committees and other parties in numerous Chapter 11 cases. As such, Chanin is qualified to perform the work required in these cases.

## **SERVICES TO BE RENDERED**

5. The Committee anticipates that Chanin may render the following services in these cases:

(a) Analyze and evaluate the liquidity position, assets and liabilities, and financial condition of the Debtors;

(b) Review, analyze and monitor the DIP financing and other financing alternatives;

(c) Review and analyze the Debtors' operations and business and financial projections, including but not limited to, financial condition, business plan, strategy, operating forecasts, cashflow projections, and budgets;

(d) Determine a theoretical range of values for the Debtors on a going concern basis as well as any securities to be issued or distributed in connection with the Chapter 11 case, including without limitation any securities to be distributed under a plan of reorganization;

(e) Analyze proposed sales of assets of the Debtors, the terms thereof an options an issues relating thereto, including strategic alternatives available to the Debtors;

(f) Provide the Committee with other appropriate general restructuring advice and litigation support; and

(g) Provide the Committee with other appropriate general restructuring advice.

6. Subject to this Court's approval of the Application, Chanin is willing to serve as the Committee's financial advisor and to perform the services described above.

## DISINTERESTEDNESS OF PROFESSIONALS

7. Based upon the information supplied by Committee counsel, Chanin conducted an extensive review ("Conflict Check") of Chanin's and D&P's databases ("Connections Databases") to ascertain whether Chanin had any "connection" (as such term is used in Bankruptcy Rule 2014(a)) with the Debtors, their creditors, any other party in interest herein or their respective attorneys or accountants, to the extent any such entities were known at such time (the "Case Parties").

8. Attached hereto as Schedule 1 is a list of Case Parties that were checked against the firms' Connections Databases, and then manually reviewed to identify any matters on which work was performed in the last 3 years. The list of Case Parties included the following categories of parties: Debtor Affiliates, Indenture Trustee, Insurers, Lenders, Litigants, Noteholders, Officers & Directors, Ordinary Course Professionals, Preferred Stockholders, Professionals, Programming Counterparties, Real Property Leases, Tax Authorities, and Vendors.

9. In addition, the Case Parties list was emailed or otherwise circulated to all Chanin professionals for further review, for the purpose of identifying connections.

10. A copy of the results of Chanin's Conflict Check is annexed hereto as Schedule 2.

11. Since it was selected by the Committee on June 23, 2009, Chanin has continued to monitor potential connections to parties-in-interest in these cases so as to use reasonable efforts to ensure that no undisclosed connections exist.

12. Chanin will not provide services for any entity other than the Committee in connection with this case.

13. Based on the Conflict Check described above, Chanin does not represent any other entity having an adverse interest in connection with these cases, and does not represent or hold an interest adverse to the interests of the estates with respect to the matter on which Chanin will be employed, in accordance with Section 328(c) and 1103(b) of the Bankruptcy Code.

14. To the best of my knowledge and except as set forth on <u>Schedule 2</u> attached hereto and as otherwise noted herein, (a) Chanin has no connections with the Debtors, creditors, and any other party-in-interest, or their respective attorneys and accountants; and (b) the Chanin professionals working on this matter are not relatives of the United States Trustee of the Southern District of New York of any known employee in the office thereof, or any United States Bankruptcy Judge of the Southern District of New York.

15. Chanin has been involved in a number of unrelated cases with various professionals involved in these cases, both in adverse and non-adverse roles.

16. Moreover, Chanin has a well-known reorganization and restructuring practice, which encompasses the representation of many investors, financial institutions and other persons or entities, some of which may become creditors or parties in interest including, without limitation, potential acquirers of the Debtors' assets in these Chapter 11 cases. Furthermore, as part of its practice, Chanin appears in cases, proceedings, and transactions involving numerous attorneys, accountants, and financial advisors, some of which may represent the Debtors', creditors, or parties in interest, or themselves be creditors or parties in interest in these Chapter 11 cases. Chanin has not and will not represent any of these creditors, investors, potential acquirers, parties in interest,

attorneys, accountants, financial advisors, or any other entity in connection with these Chapter 11 cases.

17. Chanin has represented, currently represents, and may represent in the future the entities as described in Schedule 2 as clients (or their affiliates), in matters unrelated to the Debtors. Also, Chanin represents, in unrelated matters, numerous entities, including entities listed on Schedule 2 that buy and sell distressed debt of Chapter 11 debtors. Because distressed bank and note debt is actively traded in the commercial markets, Chanin may be unaware of the actual holder of such debt at any given moment.

18. Contained in Schedule 2 is a list of entities having current or recent relationships with D&P (in unrelated matters), with which Chanin has established an ethical wall in these cases (*i.e.* no sharing of information, personnel and facilities). I believe this ethical wall provides sufficient safeguards and procedures to prevent imputation of conflicts by isolating the applicable information, personnel and facilities and protecting confidential information.

19. In order to adhere to confidentiality obligations and maintain the ethical wall between the engagement team and other members of the firm, the engagement team is required: (a) not to discuss any nonpublic aspects of the engagement with anyone outside the engagement team other than counsel or as necessary for the performance of the engagement; and (b) to conform with the company-wide process for logical and physical separation of data involved in separate engagements (including the use of the global directory and the restricted engagement-by-engagement file structure). Chanin Capital Partners and Duff & Phelps also have the capability to implement specific

controls depending on individual circumstances or to accommodate client requests or conform to protective orders."

20. Chanin will file appropriate supplemental disclosure(s) with the Court to the extent that additional information concerning connections is discovered.

21. From time to time, Chanin directors, professionals, and other employees personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds, and other types of investment funds (the "**Investment Funds**"), through which such individuals indirectly acquire a debt or equity security of many companies, one of which may be a Debtor, often without Chanin's knowledge. In addition, from time to time one or more Chanin directors, professionals, and other employees voluntarily choose to form an entity to invest in one or more Investment Funds.

22. From time to time, Chanin directors, professionals, and other employees personally directly acquire a debt or equity security of a company which may be a Debtor but all Chanin directors, professionals, and other employees are barred from trading in securities with respect to which they possess confidential information.

23. Chanin policies mandate that no Chanin directors, professionals, or other employees will directly trade in his or her personal capacity in a debt or equity security of the Debtors during the course of these chapter 11 cases, understanding that Trades by Investment Funds are not under the direct control of Chanin directors, professionals, or other employees.

24. Notwithstanding the above, I believe Chanin is a disinterested person, and does not hold or represent an interest adverse to the Debtors' estates with respect to the

matters for which Chanin is being employed, as required by Section 328(c) of the Bankruptcy Code.

## PROFESSIONAL COMPENSATION

25. In accordance with Section 504 of the Bankruptcy Code, I hereby state that there is no agreement or understanding between Chanin and any other entity for the sharing of compensation received or to be received for services rendered in connection with these cases. These cases are likely to raise complex issues and the Committee will require financial advisors with extensive experience in insolvency and bankruptcy cases.

26. Chanin intends to apply to the Court for the reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. Chanin has agreed to accept as compensation such sums as may be allowed by the Court. Chanin understands that interim awards are subject to final approval by this Court.

27. The Debtors shall pay to Chanin a) a flat monthly fee of $175,000 for the first four (4) months and $125,000 per month thereafter; b) after the first four (4) months of the engagement, 100% of the monthly fees shall be credited against the restructuring transaction fee; c) a restructuring transaction fee of $750,000 and d) reimbursement of expenses. Chanin's fees are set at the low end of the range of compensation as compared to other professional services firms providing similar financial advisory and related investment banking services. It is Chanin's policy to charge its clients in all areas of practice for all other expenses incurred in connection with each client's engagement. The expenses charged to clients include, but are not limited to, reasonable travel expenses, computer and research charges, messenger services, and long distance telephone calls

incurred by Chanin in connection with the services to be provided to the Committee. Chanin will charge for these expenses in a manner and at rates consistent with charges made generally to Chanin's bankruptcy and non-bankruptcy clients in a manner consistent with the Local Rules.

28. Chanin, like other investment banking firms, is not the general practice of maintaining detailed time records similar to those customarily kept by attorneys. Chanin's restructuring professionals do as a practice, and in the Debtors' cases will as a practice, keep time records detailing and describing their daily activities, the identity of persons who performed such tasks and the amount of time expended on a daily basis. Chanin will record its time in increments of 1/10 of one hour. It is hereby requested that Chanin be authorized to file its fee applications in accordance with the streamlined time recording format outlined above.

29. Based upon the foregoing, I respectfully submit that the requirements for the Committee's retention of Chanin have been met.

I have read the Application, and to the best of my knowledge, information and belief, the contents of said Application are true and correct.

Executed on July 13, 2009

Russell A. Belinsky
Senior Managing Director

SWORN TO AND SUBSCRIBED before me, a notary public on this 13th day of July, 2009.

_____
Notary Public

ZAHIRA REYES
Commission # 1834831
Notary Public - California
Los Angeles County
My Comm. Expires Feb 3, 2013