**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ION MEDIA NETWORKS, INC., *et al*., | ) ) ) | Case No. 09-13125 (JMP) |
| Debtors. | ) ) ) | Jointly Administered |

### ORDER UNDER § 328(a) AUTHORIZING EMPLOYMENT OF CHANIN CAPITAL PARTNERS AS FINANCIAL ADVISORS TO THE CREDITORS' COMMITTEE OF ION MEDIA NETWORKS, INC. NUNC PRO TUNC TO JUNE 23, 2009

Upon consideration of the Application ("**Application**") of the Official Committee of Unsecured Creditors of Ion Media Networks, Inc., *et al.* ("**Committee**") for entry of an Order Authorizing Employment of Chanin Capital Partners ("**Chanin**") as Financial Advisors to the Committee *Nunc Pro Tunc* to June 23, 2009, and upon the Declaration of Russell Belinsky on behalf of Chanin (the "**Chanin Declaration**"); and the Court being satisfied based on the representations made in the Application and in the Chanin Declaration that Chanin represents no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under § 101(14) of the Bankruptcy Code, as modified by § 1103(b) of the Bankruptcy Code, and that their employment is necessary and would be in the best interests of the Debtors' estates, and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY:

1. ORDERED that the Application is GRANTED under 11 U.S.C. § 328(a) on the terms and to the extent set forth herein; and it is hereby

2. ORDERED, that in accordance with §§ 1102, 1103, 328, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016, and 5002, the Committee is authorized to employ and retain Chanin as financial advisors nunc pro tunc to June 23, 2009, on the terms set forth in the Application, the Chanin Declaration, and that certain engagement letter, dated as of June 23, 2009, by and between the Committee and Chanin (the "**Chanin Engagement Letter**"), as modified by this Order; and it is hereby

3. ORDERED, that Chanin shall be compensated and reimbursed in accordance with the terms of the Chanin Engagement Letter as modified by this Order, and that the terms of the compensation as set forth in the Chanin Engagement Letter are modified to read as follows:

    a. The Debtors shall pay to Chanin:

        i. a flat monthly fee of $150,000 for the first four (4) months, beginning on June 23, 2009 through October 22, 2009; $125,000 for the following two (2) months beginning on October 23, 2009 through December 22, 2009; and $100,000 per month thereafter, beginning on December 23, 2009 (collectively, "**Monthly Fees**");

        ii. after the first two (2) months of the engagement, beginning on August 23, 2009 through the remainder of the employment term, 100% of the Monthly Fees shall be credited against the Restructuring Transaction Fee;

        iii. a Restructuring Transaction Fee of $650,000; and

        iv. reimbursement of expenses;

and it is hereby

4. ORDERED, that all compensation and reimbursement of expenses to be paid to Chanin, including without limitation the Monthly Fees and the proposed Restructuring Transaction Fee, shall be subject to prior approval of this Court pursuant to the standard of review pursuant to § 328(a) of the Bankruptcy Code, and only the Office of the United States Trustee for Region 2 (the "**United States Trustee**") shall retain the right to object to the compensation to be paid to Chanin pursuant to the Chanin Engagement Letter based on the reasonableness standard provided for in § 330 of the Bankruptcy Code; and it is hereby

5. ORDERED, that the Debtors are authorized to pay Chanin's fees and to reimburse Chanin for its costs and expenses as provided in the Chanin Engagement Letter (as modified by this Order) upon the filing and approval of the monthly, interim and final fee applications pursuant to the Federal Rules of Bankruptcy Procedure and such other orders as this Court may direct, except that Chanin shall only be required to keep time records detailing and describing its activities, but will not be required to report its time records on a "project category" basis; and it is hereby

6. ORDERED, that in the event Chanin seeks reimbursement for attorneys' fees pursuant to the terms of the Chanin Engagement Letter (as modified by this Order), the invoices and supporting time records from such attorneys shall be included in Chanin's own application and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of §§ 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under § 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy § 330(a)(3)(C) of the Bankruptcy Code; provided, however, that Chanin shall not be entitled to reimbursement of fees, disbursements and other charges of

Chanin's legal counsel in excess of $75,000 unless the Debtors consent to the payment of such excess fees and disbursements of counsel; provided, further, that this cap on reimbursement for fees, disbursements and other charges of Chanin's legal counsel shall not apply to the indemnification and other obligations of the Debtors under other paragraphs of the Chanin Engagement Letter, including the Indemnification provision and Schedule I; and it is hereby

7. ORDERED, that in the event Chanin seeks reimbursement for attorneys' fees from the Debtors arising from an indemnity claim pursuant to the Chanin Engagement Letter (as modified by this Order), the invoices and supporting time records from such attorneys shall be included in Chanin's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of §§ 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under 11 U.S.C. §§ 327 or 1103; and it is hereby

*8.* ORDERED, that all requests of Chanin for payment of indemnity pursuant to the Chanin Engagement Letter (as modified by this Order) shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Chanin Engagement Letter (as modified by this Order) and is reasonably based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided however, that in no event shall Chanin be indemnified from claims that arise primarily out of Chanin's own bad-faith, self-dealing, breach of fiduciary duty, gross negligence, reckless or willful misconduct, or malpractice arising from the foregoing (other than ordinary negligence); and it is hereby

9. ORDERED, that to the extent this Order is inconsistent with the Chanin Engagement Letter or the Application, this Order shall govern.

10. Notice of the Application as provided herein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
August 6, 2009

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE