**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ION MEDIA NETWORKS, INC., *et al.*, | ) ) ) | Case No. 09-13125 (JMP) |
| Debtors. | ) ) ) | Jointly Administered |

**ORDER (I) APPROVING THE
DEBTORS' DISCLOSURE STATEMENT, (II) ESTABLISHING
A RECORD DATE FOR VOTING ON THE DEBTORS'
JOINT PLAN OF REORGANIZATION, (III) APPROVING
SOLICITATION PACKAGES AND PROCEDURES FOR THE
DISTRIBUTION THEREOF, (IV) APPROVING THE FORMS
OF BALLOTS AND MANNER OF NOTICE, (V) ESTABLISHING
PROCEDURES FOR VOTING ON THE PLAN AND (VI) ESTABLISHING
NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN**

Upon the motion (the "*Motion*")[1] of ION Media Networks, Inc. ("*ION*") and its debtor affiliates, as debtors and debtors in possession (collectively, the "*Debtors*"),[2] for entry of an

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

[2] The Debtors in these chapter 11 cases are: ION Media Networks, Inc.; America 51, L.P.; ION Media Akron License, Inc.; ION Media Albany License, Inc.; ION Media Atlanta License, Inc.; ION Media Battle Creek License, Inc.; ION Media Boston License, Inc.; ION Media Brunswick License, Inc.; ION Media Buffalo License, Inc.; ION Media Charleston License, Inc.; ION Media Chicago License, Inc.; ION Media Dallas License, Inc.; ION Media Denver License, Inc.; ION Media Des Moines License, Inc.; ION Media Entertainment, Inc.; ION Media Greensboro License, Inc.; ION Media Greenville License, Inc.; ION Media Hartford License, Inc.; ION Media Hawaii License, Inc.; ION Media Hits, Inc.; ION Media Holdings, Inc.; ION Media Houston License, Inc.; ION Media Indianapolis License, Inc.; ION Media Jacksonville License, Inc.; ION Media Kansas City License, Inc.; ION Media Knoxville License, Inc.; ION Media Lexington License, Inc.; ION Media License Company, LLC; ION Media Los Angeles License, Inc.; ION Media LPTV, Inc.; ION Media Management Company.; ION Media Martinsburg License, Inc.; ION Media Memphis License, Inc.; ION Media Milwaukee License, Inc.; ION Media Minneapolis License, Inc.; ION Media New Orleans License, Inc.; ION Media of Akron, Inc.; ION Media of Albany, Inc.; ION Media of Atlanta, Inc.; ION Media of Battle Creek, Inc.; ION Media of Birmingham, Inc.; ION Media of Boston, Inc.; ION Media of Brunswick, Inc.; ION Media of Buffalo, Inc.; ION Media of Cedar Rapids, Inc.; ION Media of Charleston, Inc.; ION Media of Chicago, Inc.; ION Media of Dallas, Inc.; ION Media of Denver, Inc.; ION Media of Des Moines, Inc.; ION Media of Detroit, Inc.; ION Media of Fayetteville, Inc.; ION Media of Greensboro, Inc.; ION Media of Greenville, Inc.; ION Media of Hartford, Inc.; ION Media of Honolulu, Inc.; ION Media of Houston, Inc.; ION Media of Indianapolis, Inc.; ION Media of Jacksonville, Inc.; ION Media of Kansas City, Inc.; ION Media of

(Continued…)

order (the "*Order*") pursuant to sections 105(a), 502, 1123(a), 1124, 1125, 1126 and 1128 of the Bankruptcy Code and rules 2002, 3003, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and rule 3017-1 of the Local Bankruptcy Rules for the Southern District of New York (the "*Local Rules*") (a) approving the Disclosure Statement, (b) establishing a Record Date for voting on the Plan, (c) approving the Solicitation Packages and Solicitation Procedures, (d) approving the forms of Ballots and manner of notice, (e) establishing procedures for voting on the Plan and (f) scheduling a hearing, and establishing notice and objection procedures, for confirmation of the Plan, all as more fully set forth in the Motion; and the Debtors having filed with the Court the *Disclosure Statement for the Debtors' First Modified Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code*, dated September 30, 2009 (the "*Disclosure Statement*") and the *Debtors' First Modified Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code*, dated September 30, 2009 (the "*Plan*"); and the Court having reviewed the Disclosure Statement, the Motion, the

---

Knoxville, Inc.; ION Media of Lexington, Inc.; ION Media of Los Angeles, Inc.; ION Media of Louisville, Inc.; ION Media of Martinsburg, Inc.; ION Media of Memphis, Inc.; ION Media of Miami, Inc.; ION Media of Milwaukee, Inc.; ION Media of Minneapolis, Inc.; ION Media of Nashville, Inc.; ION Media of New Orleans, Inc.; ION Media of New York, Inc.; ION Media of Norfolk, Inc.; ION Media of Oklahoma City, Inc.; ION Media of Orlando, Inc.; ION Media of Philadelphia, Inc.; ION Media of Phoenix, Inc.; ION Media of Portland, Inc.; ION Media of Providence, Inc.; ION Media of Raleigh, Inc.; ION Media of Roanoke, Inc.; ION Media of Sacramento, Inc.; ION Media of Salt Lake City, Inc.; ION Media of San Antonio, Inc.; ION Media of San Jose, Inc.; ION Media of Scranton, Inc.; ION Media of Seattle, Inc.; ION Media of Spokane, Inc.; ION Media of Syracuse, Inc.; ION Media of Tampa, Inc.; ION Media of Tulsa, Inc.; ION Media of Washington, Inc.; ION Media of Wausau, Inc.; ION Media of West Palm Beach, Inc.; ION Media Oklahoma City License, Inc.; ION Media Orlando License, Inc.; ION Media Philadelphia License, Inc.; ION Media Portland License, Inc.; ION Media Publishing, Inc.; ION Media Raleigh License, Inc.; ION Media Sacramento License, Inc.; ION Media Salt Lake City License, Inc.; ION Media San Antonio License, Inc.; ION Media San Jose License, Inc.; ION Media Scranton License, Inc.; ION Media Songs, Inc.; ION Media Spokane License, Inc.; ION Media Syracuse License, Inc.; ION Media Television, Inc.; ION Media Tulsa License, Inc.; ION Media Washington License, Inc.; ION Media Wausau License, Inc.; ION Media West Palm Beach Holdings, Inc.; ION Media West Palm Beach License, Inc.; ION Television Net, Inc.; Ocean State Television, L.L.C.; Open Mobile Ventures Corporation. The location of the corporate headquarters for all Debtors except ION Media of New York, Inc. is: 601 Clearwater Park Road, West Palm Beach, Florida 33401-6233. The location of the corporate headquarters for ION Media of New York, Inc. and the service address for all of the Debtors is: 1330 Avenue of the Americas, New York, New York 10019.

papers in support thereof and the responses thereto, if any; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C §§ 157 and 1334 and the Standing Order M 61 Referring Bankruptcy Judge for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion on September 30, 2009 (the "*Hearing*"); and upon the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief, including the objections of Cyrus Select Opportunities Master Fund, Ltd. [D.E. # 269] and the U.S. Trustee [D.E. # 274], having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted to the extent provided herein.

2. The Disclosure Statement is hereby approved pursuant to section 1125 of the Bankruptcy Code, as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3. The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests and other parties in interest with sufficient notice of the

release, exculpation and injunction provisions contained in Article IX of the Plan (including the third-party releases set forth in Article IX.C of the Plan), in satisfaction of the requirements of Bankruptcy Rule 3016(c).

4. The Solicitation Procedures, annexed hereto as **Exhibit 1** are incorporated herein by reference and form an integral and indivisible part of this Order, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

5. The Disclosure Statement Hearing Notice, attached hereto as **Exhibit 2** and incorporated by reference herein, filed by the Debtors and served upon parties in interest in these chapter 11 cases on August 19, 2009, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and is hereby approved.

6. The Ballots, including the Master Ballots, the form of which are annexed to this Order as **Exhibit 3** and **Exhibit 4**, respectively, (i) are consistent with Official Form No. 14, (ii) adequately address the particular needs of these chapter 11 cases, (iii) are appropriate for each Class of Claims entitled to vote to accept or reject the Plan and (iv) comply with Bankruptcy Rule 3017(d). The appropriate Ballots and Master Ballots (as applicable) shall be distributed to Holders of Claims in Classes 2, 3, 4 and 5, which are the Classes entitled to vote to accept or reject the Plan (collectively, the "***Voting Classes***") because these Claims are classified as being impaired by, and entitled to vote under, the Plan.

7. Ballots need not be provided to Holders of Claims in Classes 6 and 8 and Holders of ION Equity Interests in Class 9 (together, the "***Non-Voting Impaired Classes***") because these

4

Classes are receiving no recovery under the Plan and, therefore, are conclusively presumed to reject the Plan in accordance with section 1126(g) of the Bankruptcy Code.

8. Ballots need not be provided to Holders of Claims and Interests in Classes 1 and 7 (together, the "***Non-Voting Unimpaired Class***") because these classes are classified as unimpaired by the Plan and are deemed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code.

9. With respect to Holders of Claims and Interests not entitled to vote to accept or reject the Plan pursuant to sections 1126(f) or 1126(g) of the Bankruptcy Code, the Debtors shall mail the appropriate Notice of Non-Voting Status, substantially in the forms of **Exhibit 5** and **Exhibit 6**, respectively, annexed to this Order.

10. With respect to Holders of Disputed Claims, the Debtors shall mail the Disputed Claim Notice substantially in the form of **Exhibit 7** annexed to this Order.

11. With respect to counterparties to Executory Contracts or Unexpired Leases with one or more of the Debtors that have not been assumed or rejected as of the Record Date, the Debtors shall mail the Notice to Contract-Lease Parties substantially in the form **Exhibit 8** annexed to this Order.

12. Pursuant to Bankruptcy Rule 3018(a), the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Packages and, where applicable, vote on the Plan, shall be September 28, 2009 (the "***Record Date***"), 2 days before the scheduled commencement of the Disclosure Statement Hearing. The Debtors shall specify the Record Date in the Confirmation Hearing Notice. Only Holders of Claims as of the Record Date shall be entitled to vote to accept or reject the Plan, and where applicable, make any election set forth on the Ballot.

13.     The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for (i) creditors to make informed decisions to accept or reject the Plan and submit timely Ballots to the Voting and Claims Agent or the Securities Voting Agent, as applicable, and (ii) Nominees for Beneficial Owners of the Claims in Classes 3 and 4 to distribute the Ballots to Beneficial Owners, for such Beneficial Owners to complete and timely submit such Ballots to the Nominees and for the Nominees to complete and timely submit Master Ballots to the Securities Voting Agent.

14.     The contents of the Solicitation Packages, including the Confirmation Hearing Notice annexed to this Order as **Exhibit 9**, comply with Bankruptcy Rules 2002 and 3017, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and are thus hereby approved.

15.     The Solicitation Procedures, annexed hereto as **Exhibit 1**, set forth procedures for the Debtors to solicit, receive and tabulate votes to accept the Plan and are hereby approved in their entirety; *provided*, *however*, that the Debtors reserve the right to amend or supplement the Solicitation where, in the Debtors' best judgment, doing so would better facilitate the solicitation process.

16.     The Solicitation Timeline is hereby established (subject to modification as needed):

   a. **Record Date** - September 28, 2009, 2 days before the Disclosure Statement Hearing, as the Record Date for purposes of determining which creditors are entitled to vote on the Plan.

   b. **Disclosure Statement Hearing Date** - September 30, 2009 (the "*Disclosure Statement Hearing Date*").

   c. **Disclosure Statement Approval Date** - October 1, 2009, as the date on which the Court will approve the Disclosure Statement (the "*Disclosure Statement Approval Date*").

6

d. **Solicitation Date** - the Debtors will distribute Solicitation Packages and the Disclosure Statement to the Solicitation Parties by no later than October 7, 2009 (the "*Solicitation Date*").

e. **Voting Deadline** - October 30, 2009 at 5:00 p.m. (Prevailing Eastern Time), as the deadline by which all Ballots and Master Ballots must be properly executed, completed and delivered so that they are actually received by the Voting and Claims or Securities Voting Agent (the "*Voting Deadline*").

17. The Debtors are authorized to distribute the Solicitation Packages without the Plan Supplement and are directed to file the Plan Supplement with the Bankruptcy Court on or before the date which is ten (10) days before the Confirmation Hearing and serve the Plan Supplement on (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the ad hoc group of first lien lenders; (iv) counsel to the indenture trustees on the first and second priority senior secured notes; (v) counsel to the agent on the first priority term loan; (vi) counsel to the agent for ION's postpetition debtor-in-possession financing facility (vii) the Internal Revenue Service; (viii) the Securities and Exchange Commission; (ix) the Federal Communications Commission; (x) the Office of the Attorney General in all of the states in which ION operates; (xi) all landlords and other parties to Executory Contracts and/or Unexpired Leases which are either assumed or rejected pursuant to the Plan; and (xii) all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases. After it is filed, the Plan Supplement will be available for review at http://www.kccllc.net/ion.

18. Notwithstanding anything to the contrary in this Order or the Solicitation Procedures, the Prepetition Administrative Agent shall provide to the Voting and Claims Agent no later than four business days after the Record Date a copy of its register listing the name, address and Claim amount of each Holder of a Prepetition Credit Facility Claim as of the Record Date (the "*Class 3 Voting Information*"). The Voting and Claims Agent shall be

7

obligated to and shall maintain the confidentiality of the Class 3 Voting Information (including by removing the Class 3 Voting Information from any certificates or affidavits of service and aggregating the votes of such Holders in any report of the voting of such Holders without listing the Class 3 Voting Information).  The Voting and Claims Agent shall not be required to disclose the Class 3 Voting Information unless ordered by a court of competent jurisdiction; and the Voting and Claims Agent shall be obligated to first provide reasonable notice to Holders of Prepetition Credit Facility Claims of the commencement of any proceeding in which the confidentiality of the Class 3 Voting Information is contested.

19. Notwithstanding anything to the contrary in this Order or the Solicitation Procedures, after the Effective Date, in order to comply with its obligations hereunder to maintain the confidentiality of the Class 3 Voting Information and original Ballots submitted by the Holders of Class 3 First Lien Debt Claims, the Voting and Claims Agent shall (i) print and preserve one paper copy of the same and store such information in a locked safe for six years, and (ii) delete all electronic copies of the same from its electronic systems.  Such stored information shall be maintained as highly confidential and shall not be disclosed absent the prior consent of the respective Holders of such Claims.

20. With respect to entities at addresses from which Disclosure Statement Hearing Notices were returned as undeliverable by the United States Postal Service, the Debtors are excused from distributing Solicitation Packages to those entities unless the Debtors are able, using reasonable efforts, to obtain an accurate address for such entities before the Solicitation Date, and failure to distribute Solicitation Packages to such entities will not constitute inadequate notice of the Confirmation Hearing, the Voting Deadline, or a violation of Bankruptcy Rule 3017(d).

8

K&E 15452661.4

21. The Confirmation Hearing will be held on November 3, 2009 at 10:00 a.m. (Prevailing Eastern Time); *provided*, *however*, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than an announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing; *provided*, *further*, *however*, that notice of any such adjournments will be set forth on (a) the Court's website at www.nysb.uscourts.gov for registered users of the Public Access to Court Electronic Records (PACER) System and (b) the Voting and Claims Agent's website at http://www.kccllc.net/ion.

22. Objections, if any, to confirmation of the Plan or proposed modifications to the Plan, if any, must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection to the confirmation of the Plan, and (d) be filed, together with proof of service, with the Court and served so that they are received no later than October 28, 2009 at 12:00 p.m. (Prevailing Eastern Time) (the "***Confirmation Objection Deadline***") by the following parties:

| |
|---|
| **Kirkland & Ellis LLP**<br>Attn: Jonathan A. Henes and Joshua A. Sussberg<br>601 Lexington Avenue<br>New York, New York 10022-4611<br>*Counsel to the Debtors* |
| **Lowenstein Sandler PC**<br>Attn: Sharon L. Levine and Wojciech Jung<br>1251 Avenue of the Americas<br>New York, New York 10020<br>*Counsel to the Statutory Committee of Unsecured Creditors* |
| **Akin Gump Strauss Hauer & Feld LLP**<br>Attn.: Ira Dizengoff and Alexis Freeman<br>One Bryant Park<br>New York, New York 10036<br>*Counsel to the Ad Hoc First Lien Lender Group* |
| **Troutman Sanders LLP**<br>Attn.: Hollace T. Cohen<br>405 Lexington Avenue<br>New York, New York 10174<br>*Counsel to the First Priority Trustee and Collateral Agent* |
| **Loeb & Loeb LLP**<br>Attn.: Walter H. Curchack<br>345 Park Avenue<br>New York, New York 10022<br>*Counsel to the Prepetition Agent* |
| **Nixon Peabody LLP**<br>Attn.: Bart Pisella<br>437 Madison Avenue<br>New York, New York 10022<br>*Counsel to the Agent for the Debtors' Postpetition Debtor-in-Possession Financing Facility* |
| **The Office of the United States Trustee for the Southern District of New York**<br>Attn: Susan Golden<br>33 Whitehall Street, 21st Floor<br>New York, New York 10004 |

23. Objections must also be served on: (i) the Internal Revenue Service; (ii) the SEC; (iii) the FCC; (iv) the Office of the Attorney General in all of the states in which the Debtors operate; and (v) those parties who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002.

24. The Confirmation Hearing Notice, substantially in the form annexed hereto as **Exhibit 9** and incorporated herein by reference, setting forth (a) the Voting Deadline, (b) the time fixed for filing objections to confirmation of the Plan, and the manner in which such objections shall be filed and (c) the time, date and place for the Confirmation Hearing, provides

adequate notice of the Confirmation Hearing and, accordingly, is hereby approved two (2) days before the Confirmation Hearing.

25. In the event that multiple objections to confirmation of the Plan are filed by the Confirmation Objection Deadline, the Debtors and any other party in interest are authorized to file a single, omnibus reply to such objections.

26. The certification of Ballots shall be filed on or before the date of the Confirmation Hearing.

27. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballots, Master Ballots, Confirmation Hearing Notice and related documents by filing an errata sheet with the Court. These non-substantive changes shall include, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package before distribution.

28. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

29. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

30. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable upon its entry.

31. All time periods set forth herein shall be calculated in accordance with Bankruptcy Rule 9006(a).

32. The requirement set forth in Rule 9013 1(b) of the Local Rules that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

33. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

34. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: October 2, 2009

*s/ James M. Peck*_____
United States Bankruptcy Judge

12
K&E 15452661.4