**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ION MEDIA NETWORKS, INC., *et al.*, | Case No. 09-13125 (JMP) |
| Reorganized Debtors. | Jointly Administered |
| ION MEDIA NETWORKS, INC., | |
| Plaintiff, | |
| v. | Adv. Proc. No. 09-01440 (JMP) |
| CYRUS SELECT OPPORTUNITIES MASTER FUND, LTD., | |
| Defendant. | |
| CYRUS SELECT OPPORTUNITIES MASTER FUND, LTD., | |
| Plaintiff, | |
| v. | Adv. Proc. No. 09-01479 (JMP) |
| ION MEDIA NETWORKS, INC., et al., | |
| Defendants. | |

**ORDER APPROVING REORGANIZED DEBTORS' MOTION
FOR ENTRY OF AN ORDER PURSUANT TO SECTION 363(b)
OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE APPROVING A SETTLEMENT
AGREEMENT WITH CYRUS SELECT OPPORTUNITIES MASTER FUND, LTD**

Upon the motion (the "***Motion***")[1] of the above-captioned reorganized debtors (collectively, the "***Reorganized Debtors***," and before the Effective Date, the "***Debtors***")[2] seeking

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

entry of an order (the "*Order*") approving the settlement agreement and release, dated June 6, 2013, by and between the Reorganized Debtors and Cyrus, attached hereto as **Exhibit 1** (and attached to the Motion as **Exhibit B**) (the "*Settlement Agreement*"); and the above-captioned chapter 11 cases having been reopened pursuant to that certain Notice to Reopen the Chapter 11 Cases for the Limited Purpose of Considering the Reorganized Debtors' Motion for Entry of an Order Pursuant to Section 363(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of

---

[2] The Debtors in these chapter 11 cases are: ION Media Networks, Inc.; America 51, L.P.; ION Media Akron License, Inc.; ION Media Albany License, Inc.; ION Media Atlanta License, Inc.; ION Media Battle Creek License, Inc.; ION Media Boston License, Inc.; ION Media Brunswick License, Inc.; ION Media Buffalo License, Inc.; ION Media Charleston License, Inc.; ION Media Chicago License, Inc.; ION Media Dallas License, Inc.; ION Media Denver License, Inc.; ION Media Des Moines License, Inc.; ION Media Entertainment, Inc.; ION Media Greensboro License, Inc.; ION Media Greenville License, Inc.; ION Media Hartford License, Inc.; ION Media Hawaii License, Inc.; ION Media Hits, Inc.; ION Media Holdings, Inc.; ION Media Houston License, Inc.; ION Media Indianapolis License, Inc.; ION Media Jacksonville License, Inc.; ION Media Kansas City License, Inc.; ION Media Knoxville License, Inc.; ION Media Lexington License, Inc.; ION Media License Company, LLC; ION Media Los Angeles License, Inc.; ION Media LPTV, Inc.; ION Media Management Company.; ION Media Martinsburg License, Inc.; ION Media Memphis License, Inc.; ION Media Milwaukee License, Inc.; ION Media Minneapolis License, Inc.; ION Media New Orleans License, Inc.; ION Media of Akron, Inc.; ION Media of Albany, Inc.; ION Media of Atlanta, Inc.; ION Media of Battle Creek, Inc.; ION Media of Birmingham, Inc.; ION Media of Boston, Inc.; ION Media of Brunswick, Inc.; ION Media of Buffalo, Inc.; ION Media of Cedar Rapids, Inc.; ION Media of Charleston, Inc.; ION Media of Chicago, Inc.; ION Media of Dallas, Inc.; ION Media of Denver, Inc.; ION Media of Des Moines, Inc.; ION Media of Detroit, Inc.; ION Media of Fayetteville, Inc.; ION Media of Greensboro, Inc.; ION Media of Greenville, Inc.; ION Media of Hartford, Inc.; ION Media of Honolulu, Inc.; ION Media of Houston, Inc.; ION Media of Indianapolis, Inc.; ION Media of Jacksonville, Inc.; ION Media of Kansas City, Inc.; ION Media of Knoxville, Inc.; ION Media of Lexington, Inc.; ION Media of Los Angeles, Inc.; ION Media of Louisville, Inc.; ION Media of Martinsburg, Inc.; ION Media of Memphis, Inc.; ION Media of Miami, Inc.; ION Media of Milwaukee, Inc.; ION Media of Minneapolis, Inc.; ION Media of Nashville, Inc.; ION Media of New Orleans, Inc.; ION Media of New York, Inc.; ION Media of Norfolk, Inc.; ION Media of Oklahoma City, Inc.; ION Media of Orlando, Inc.; ION Media of Philadelphia, Inc.; ION Media of Phoenix, Inc.; ION Media of Portland, Inc.; ION Media of Providence, Inc.; ION Media of Raleigh, Inc.; ION Media of Roanoke, Inc.; ION Media of Sacramento, Inc.; ION Media of Salt Lake City, Inc.; ION Media of San Antonio, Inc.; ION Media of San Jose, Inc.; ION Media of Scranton, Inc.; ION Media of Seattle, Inc.; ION Media of Spokane, Inc.; ION Media of Syracuse, Inc.; ION Media of Tampa, Inc.; ION Media of Tulsa, Inc.; ION Media of Washington, Inc.; ION Media of Wausau, Inc.; ION Media of West Palm Beach, Inc.; ION Media Oklahoma City License, Inc.; ION Media Orlando License, Inc.; ION Media Philadelphia License, Inc.; ION Media Portland License, Inc.; ION Media Publishing, Inc.; ION Media Raleigh License, Inc.; ION Media Sacramento License, Inc.; ION Media Salt Lake City License, Inc.; ION Media San Antonio License, Inc.; ION Media San Jose License, Inc.; ION Media Scranton License, Inc.; ION Media Songs, Inc.; ION Media Spokane License, Inc.; ION Media Syracuse License, Inc.; ION Media Television, Inc.; ION Media Tulsa License, Inc.; ION Media Washington License, Inc.; ION Media Wausau License, Inc.; ION Media West Palm Beach Holdings, Inc.; ION Media West Palm Beach License, Inc.; ION Television Net, Inc.; Ocean State Television, L.L.C.; Open Mobile Ventures Corporation.

2

Bankruptcy Procedure Approving a Settlement Agreement with Cyrus Select Opportunities Master Fund, Ltd. (the "Notice to Reopen"); and the Notice to Reopen having been authorized pursuant to paragraph 10 of this Court's Order Granting Final Decree Closing the Chapter 11 Cases (ECF No. 612); and it appearing that the relief requested in the Motion is in the best interests of Reorganized Debtors' businesses, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and upon the record of the hearing held to consider the relief requested in the Motion on July 16, 2013; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted to the extent provided herein.

2. The Settlement Agreement, a copy of which is annexed hereto as **Exhibit 1**, is authorized and approved pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

3. The Reorganized Debtors are authorized to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations contemplated therein.

4. The terms of the Settlement Agreement shall be binding upon the Reorganized Debtors, all creditors of the Reorganized Debtors, any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Reorganized Debtors, and all other parties in interest.

5. The Adversary Proceedings are dismissed with prejudice, with each party thereto bearing its own costs and expenses.

6. Any persons or entities with rights or claims under the Security Agreement or Intercreditor Agreement — including without limitation: (a) the Reorganized Debtors; (b) Cyrus; (c) Wells Fargo; (d) NY Mellon Trust; (e) each member of the First Lien Group;[3] (f) Ashok Nayyar and Kevin Sisson; and (g) with respect to the entities in clauses (a) through (f), such entity's current and former agents, servants, officers, directors, shareholders, partners, employees, subsidiaries, divisions, branches, units, affiliates, parents, attorneys, successors, predecessors, and assigns — are each enjoined from commencing or continuing in any forum, any action or proceeding, or asserting any claims, objections or allegations, related to the Security Agreement, the Intercreditor Agreement, the Chapter 11 Proceedings, the Adversary Proceedings, the Confirmation Order or the FCC Licenses Lien.

7. The chapter 11 cases shall be deemed closed pursuant to section 350 of the Bankruptcy Code, without the need for the Reorganized Debtors to file a motion, effective immediately upon entry of this Order.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       July 18, 2013



/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge

---

[3] The First Lien Group included Avenue Capital Group, Black Diamond Capital Management, L.L.C., and Trilogy Capital.

4